UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN SMITH,                                  Case No. 1:11-cv-778

       Plaintiff,                              Dlott, J.
                                                           Bowman, M.J.

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Stephen Smith filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents four claims of error for this Court's review. As explained below, I conclude that the ALJ's finding of non-disability should be REVERSED and remanded for further development of the record.

**I. Summary of Administrative Record**

In April 2006, Plaintiff filed an application for Supplemental Security Income ("SSI"), alleging disability beginning October 2003 due to both mental and physical impairments. After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing de novo before an Administrative Law Judge ("ALJ"). In December 2009, an evidentiary hearing was held before ALJ Deborah Smith, at which Plaintiff was represented by counsel. (Tr. 27-67). At the hearing, the ALJ heard testimony from

Plaintiff, and from a vocational expert. On February 24, 2010, the ALJ denied Plaintiff's application in a written decision. (Tr. 7-26).

The record on which the ALJ's decision was based reflects that Plaintiff was 53 years old at the time of the evidentiary hearing. He is a convicted felon, with a history of drug and alcohol abuse. Plaintiff has a GED, and has past relevant work as a janitor. (Tr. 20).

Based upon the record and testimony presented, the ALJ found that Plaintiff had the following severe impairments: "alcoholism (primary problem), history of polysubstance abuse, personality disorder, and schizotypical affective disorder." (Tr. 12). When the substance abuse disorders were included, the ALJ concluded that Plaintiff met the criteria for a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1, specifically referencing Listing 12.09, "while utilizing sections 12.08, and 12.03 in arriving at this decision." (Tr. 14). However, the ALJ further concluded that "[i]f the claimant stopped the substance abuse, the claimant would not have an impairment or combination of impairments that meets or medically equals" any listed impairment. (Tr. 15). In the absence of substance use, the ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, restricted only by the following non-exertional limitations:

> [T]he claimant can understand, remember, and carry out simple and some multistep tasks. He could concentrate on simple tasks and make basic work related decisions, sustain superficial or occasional interaction with others, and work in a nonpublic setting with minimal social demands. He could cope with common changes in a familiar work setting. Due to low stress/frustration tolerance, mood lability, and somatic focus, the claimant is limited to work settings that do not require meeting strict production quotas or coping with a fast paced environment.

(Tr. 16).

Based upon the testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is capable of performing his past relevant work as a janitor. (Tr. 20). In the alternative, the ALJ determined that Plaintiff "could still perform other work existing in significant numbers in the national economy." (*Id.*). Therefore, the ALJ determined that Plaintiff was not under a disability, as defined in the Social Security Regulations, and was not entitled to SSI. (*Id.*).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. As discussed below, the Court finds legal error and therefore recommends that the Commissioner's decision be reversed.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. See 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . .. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

Whether the application is for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis in review of a new application[1]: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a

---

[1] As discussed below, a different sequential analysis applies when a prior award of benefits is terminated due to medical improvement.

4

significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

### B. Plaintiff's Statement of Errors

Plaintiff contends that the ALJ erred: (1) by failing to recognize that Plaintiff's SSI benefits should have been automatically reinstated upon his release from imprisonment; (2) by failing to fully develop the record concerning whether Plaintiff was required to file a new application; (3) by improperly evaluating Plaintiff's substance abuse; and (4) by improperly concluding that Plaintiff suffers from no physical limitations. The first two assertions of error, discussed together, are dispositive and require remand.

### 1. Plaintiff's Prior Termination of Benefits/ New Application

In his first and second assertions of error, Plaintiff challenges the Commissioner's failure to reinstate Plaintiff's benefits after Smith's release from a period of incarceration. The Commissioner does not dispute that Plaintiff has received SSI benefits in the past.

Social Security regulations provide for the termination of benefits, and require the claimant to submit a new application for benefits, whenever a claimant is incarcerated for a period of 12 months or more. *See* 20 C.F.R. §416.1335. However, additional regulations provide for the suspension (rather than termination) of benefits in cases involving periods of incarceration of less than 12 months. *See* 20 C.F.R. §416.1325. In the latter cases, the regulations state that benefits "will be resumed effective with the earliest day of the month in which a recipient is no longer a resident of a public institution." 20 C.F.R. §416.1325(b).

In this case, Plaintiff alleges that the Commissioner improperly applied its own regulations, and terminated his benefits even though he was incarcerated for a period of less than 12 months. The record contains evidence that Plaintiff was incarcerated on or about March 29, 2005 after pleading guilty to a charge of receiving stolen property, but that he was released from a half-way house in fewer than 12 months, on February 15, 2006. (Tr. 64). Plaintiff's attorney claims that unidentified office employees at the Social Security Administration office originally informed Plaintiff that his benefits would be reinstated because he was incarcerated for less than a year, but that the same office later refused to reinstate the suspended benefits award, and instead insisted that Plaintiff file a new application for benefits. (Tr. 63-64).

Plaintiff argues that the Commissioner improperly disregarded the regulation that presumes continuing disability when a claimant seeks only to reinstate his benefits within a 12 month period of suspension, *see* 20 C.F.R. §416.1325. By forcing him to file a new application for benefits, rather than reinstating benefits under the operative regulation, Plaintiff contends that the Commissioner improperly reversed the burdens of proof. Plaintiff urges this Court to issue an order directing the Commissioner to reinstate his prior award of benefits based upon 20 C.F.R. §416.1325.

The Commissioner points out that, in general, benefits may be administratively terminated after the lapse of twelve months if the claimant does not come forward with evidence that he is no longer incarcerated. If a claimant believes that an administrative termination has occurred in error, his recourse is to request a reopening or revision of that action. *See* 20 C.F.R. §416.1487. However, the Commissioner points to no clear evidence in this record as to when Plaintiff's prior award of benefits was suspended or

6

terminated, or on what grounds.[2] The Commissioner concedes that the record is silent as to whether Plaintiff actually pursued any available administrative remedy, and if so, what action was taken by the Social Security Administration concerning any such request. As stated, Plaintiff maintains that he took action to reinstate his benefits, but was rebuffed.

Despite the ambiguity in the record, the Commissioner argues that the only issue before the ALJ was reconsideration of the decision denying Plaintiff's April 2006 application for benefits. In turn, the Commissioner argues that this Court's review is limited to consideration of whether the denial of the *new* application should be affirmed, without consideration of any past award or termination. However, Plaintiff asserts that he presented the procedural issue in his pre-hearing memorandum, (Tr. 237), as well as at the hearing, and in post-hearing correspondence, (Tr. 740), and that the ALJ agreed to look into the matter.

The determination of the scope of this Court's judicial review requires consideration of two legal axioms. The first is that federal courts are not courts of general jurisdiction. The second is that under the regulatory scheme of the Social Security Act, an ALJ must develop a full and complete record.

First, Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides the exclusive jurisdictional basis for judicial review of cases arising under the Social Security Act.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil

---

[2] Indeed, the record contains some ambiguity as to when the prior award was made. (Tr. 460, referring to a denial of benefits dated February 2006, but noting that the physician conducting the review found no record of the earlier application; *compare* Tr.31, referring to "fully favorable" decision dated 3/21/00) .

7

> action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security *may allow.*

*Id.* (Italics added).

> Section 405(h) additionally provides:
>
> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

*Id.*  Thus, pursuant to 42 U.S.C. § 405(h), Congress has made it abundantly clear that §405(g) provides the only basis for judicial review of the Commissioner's decisions.

While not specifically articulated as such, the essence of Defendant's argument is a jurisdictional one – that this Court may not review the prior termination of benefits because there is no evidence that Plaintiff exhausted administrative remedies required to obtain a judicially reviewable "final decision."  Consequently, the prior termination arguably would not be reviewable under § 405(g), because that termination was not made "after a hearing" and after the Appeals Council has either denied review, or granted review and issued its own decision on the merits.

Of course, the obvious difficulty with that argument is the silent record, which contains little evidence as to whether Plaintiff did or did not exhaust his administrative remedies concerning the termination.  Nevertheless, Plaintiff has presented some testimony and argument that he attempted to administratively challenge the refusal to reinstate his prior award, and that he incorporated that challenge into his April 2006 application.  In fact, the ALJ's opinion briefly addresses the issue:

8

> The undersigned has read [counsel's] letters, in which he argues that the claimant's benefits should have been reinstated immediately after his incarceration ended and that it is inappropriate to require him to reapply. Everyone who receives disability benefits, even though they do not abuse drugs or alcohol and who are not incarcerated, are potentially subject to a continuing disability review. It is unclear why [counsel] believes the claimant is exempt from proving his disability before he is granted benefits. This argument is rejected."

(Tr. 11).[3]

### 2. Further Development of the Record Required

Plaintiff represents that the ALJ's analysis falls short, because she promised to look into the matter during the evidentiary hearing, but then failed to do so. He argues that her failure to review this issue amounted to a failure to properly develop the administrative record on a central issue. *See, e.g., Sparks v. Bowen*, 117 F.R.D. 604 (S.D. Ohio 1987)(ALJ's failure to develop factual record fully and fairly required remand). In response, the Commissioner argues that Plaintiff uses the ALJ's statements out-of-context to support his claim that the ALJ promised to review this issue in his present appeal. I disagree, and conclude that remand for further development of the record is required.

The transcript of the evidentiary hearing bears witness to the ALJ's initial concern with the lack of documentation regarding Plaintiff's prior award of SSI benefits. (*See* Tr. 30-32, colloquy between ALJ and counsel inquiring when Plaintiff received benefits in the past, why he was found to be disabled in the past, on what kind of determination

---

[3]To the extent that the ALJ's comments refer to a "continuing disability review," the ALJ's analysis is in error. The standard of review for continuing disability generally requires medical improvement, as provided for in 20 C.F.R. §416.994, which involves an eight-step sequential analysis as opposed to the five-step analysis applicable to initial claims. In such cases, the Commissioner bears the burden of proof to show medical improvement. *See, e.g., Casiano v. Heckler*, 746 F.3d 1144 (6th Cir. 1984). Here, the ALJ did not cite to the applicable regulation for medical improvement, or employ the different standard of review that the regulation requires to review a continuing disability claim.

9

(whether initial review or after evidentiary hearing), and the basis for a subsequent "overpayment" determination).   Later in the hearing and in pre- and post-hearing memoranda, Plaintiff's counsel clearly articulated his argument that the prior award was improperly terminated, and that Plaintiff was improperly forced to file a new application.

Seizing on counsel's remark that "this might be something for the office to consider outside this case," (Tr. 64), the Commissioner suggests that Plaintiff did not consider the issue part of his appeal.  However, read in context, counsel's statement merely reflects a concern that the "local office" of the Social Security Administration is repeatedly ignoring the regulatory scheme by terminating the benefits of other claimants incarcerated for periods of less than a year.  There is no indication that Plaintiff was waiving his clearly articulated plea for the ALJ to consider Plaintiff's <u>individual</u> claim regarding this issue.  (*Id.*).

When Plaintiff's counsel pleaded his argument, the ALJ again questioned the lack of documentation concerning Plaintiff's prior award, noting that she did not even have records proving that Plaintiff was in payment status when he entered jail.  "I don't know that, I don't know, because there's this overpayment, there was a time when he wasn't even in benefit – he was found, but wasn't in benefits.  That's why I've got to look, I don't understand exactly – "  (Tr. 63).  However, Plaintiff testified that he was receiving benefits at the time, and that he reported to the District Office when he was released in less than a year, on or about February 15, 2006.  (Tr. 64).  In response to counsel's argument that claimant was initially promised that his benefits would be reinstated, and then told otherwise, the ALJ stated: "Well, that's what I need to figure out."  (Tr. 64).  The ALJ promised that she would "bring it up at the ALJ meeting and

10

look into it with his case and see why he was not – it's a legal argument….but I'm – I bet you there's probably something if I run a query to find out ---." (Tr. 65).

Given that: (1) Plaintiff consistently presented his legal argument; and (2) the ALJ stated that she would obtain the necessary records and review Plaintiff's argument but apparently failed to do so, this Court must remand.  Presented with nearly identical scenarios, other courts have not hesitated to do the same.  *See, e.g., Bragg v. Comm'r of Soc. Sec.*, 2011 WL 1374067 (E.D. Mich., March 22, 2011, R&R adopted April 12, 2011); *Bonner v. Astrue*, 725 F. Supp.2d 898 (C.D. Ca. 2010).  However, given the factual ambiguities that persist in this record, Plaintiff is not entitled to immediate reinstatement of the prior award.  Instead, remand is required to more clearly identify and obtain records concerning: (1) when Plaintiff was awarded benefits; (2) whether those benefits were terminated or suspended, on what date, and for what reasons; (3) any relevant periods of residence in a "public institution" whether or not that institution was jail, a half-way house, or some other public facility; and (4) any notices concerning the termination of benefits and Plaintiff's pursuit of available administrative remedies.

Having determined that remand is required, I find no cause to review Plaintiff's additional claims of error in any depth, because the record does not entitle Plaintiff to an immediate award of benefits, and the additional alleged errors would not provide Plaintiff with any greater relief.[4]  *Accord Bonner*, 725 F. Supp.2d at 902 n.4.  I pause only to reflect that it appears the ALJ may have been influenced by factors such as Plaintiff's "inability to keep jobs [and] multiple incarcerations (Tr. 15), and the fact that he has filed five separate applications for disability benefits, "some of which were

---

[4] That said, I find no merit to Plaintiff's claim that the ALJ committed legal error in her evaluation of Plaintiff's substance abuse.

11

denied because of incarceration or excess resources, or because the claimant was fleeing to avoid prosecution." (Tr. 17). The ALJ found that Plaintiff has "been evasive and misleading about his drug abuse and alcohol use," noting Plaintiff's heroin use in 2005 as well as more recent drug and alcohol use, notwithstanding Plaintiff's denials. (Tr. 17-18). The ALJ also relied on Plaintiff's "history of crimes involving deception, including forgery, burglary, and theft, as well as crimes involving alcohol – numerous DUIs and public intoxication." (Tr. 18). She repeatedly pointed to evidence of Plaintiff's poor work history. "Plaintiff currently lives in HUD housing, gets welfare and food stamps, and has a medical card. He still is not attempting to work." (Tr. 18). Moreover, the ALJ noted that the state agency flagged Plaintiff for investigation based upon his "history of multiple filings, escalating allegations without any severe physical impairments, and varied criminal history."[5] (Tr. 18). In short, the ALJ provided ample evidence to support her conclusion that "secondary gain issues…significantly undermine claimant's credibility." (Tr. 19).

Plaintiff presents no direct challenge to the ALJ's credibility findings, which appear well-supported. However, issues concerning Plaintiff's credibility are only marginally relevant (if at all)[6] to the purely legal issue of whether the Commissioner correctly terminated Plaintiff's prior award of benefits and/or refused to reinstate his benefits following his release from imprisonment. The particular regulations at issue take no notice of whether the applicant seeking benefits is a liar and a thief, or an

---

[5] A Report of Investigation from the Cooperative Investigations Unit reflects March 28, 2007 surveillance of Plaintiff. According to that surveillance report, Plaintiff had never been seen at his apartment using a cane or wearing braces, contrary to his testimony that he had used a cane continuously for six years. The report also includes a non-exhaustive list of Plaintiff's substantial criminal history. (Tr. 76).

[6] The Court recognizes that issues of credibility *may* become relevant on remand, to the extent that there is any factual dispute concerning what notice was given to Plaintiff about the suspension/termination of his prior award, his right to appeal that administrative decision, or the need to file a new application.

12

upstanding citizen and pillar of the community.  The Commissioner and his agents are legally required to apply those regulations without moral judgment, and solely on the basis of whether a claimant's benefit status has been suspended for more than or less than twelve months, based upon his or her residence in a public institution.

### III. Conclusion and Recommendation

For the reasons discussed above, I conclude that the ALJ committed reversible error.  Her finding of non-disability cannot be upheld based upon the failure of the ALJ to develop the record on critical procedural issues.  Therefore, IT IS RECOMMENDED THAT the Commissioner's decision to deny Plaintiff SSI benefits be REVERSED and REMANDED for further development of the record consistent with this opinion, and that this case be CLOSED.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

STEPHEN SMITH,                                     Case No. 1:11-cv-778

       Plaintiff,                                Dlott, J.
                                                          Bowman, M.J.

      v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).