UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN JASON SMITH,                          Case No. 1:11-cv-778

      Plaintiff,                                 Dlott, J.
                                                  Bowman, M.J.

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**REPORT AND RECOMMENDATION**

### I. Background

Plaintiff Stephen Smith filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). In a Report and Recommendation filed on October 23, 2012 (Doc. 15) and subsequently adopted as the opinion of the Court (Doc. 16), the Court reversed the ALJ's finding of non-disability and remanded for further development of the record under sentence four of the Social Security Act.

Plaintiff filed a timely motion seeking an award of attorney's fees and costs pursuant to the Equal Access for Justice Act ("EAJA"). (Doc. 18). The Commissioner filed no response in opposition, and the time for doing so has now expired.

### II. Analysis

**A. Fees and Costs Should be Awarded in the Amount of $2780.25**

The EAJA provides for an award to any "prevailing party" of "fees and other

expenses…in any civil action…brought by or against the United States." 28 U.S.C. §2412(d)(1)(A). Fees and costs generally will be awarded as long as the position of the Commissioner was not "substantially justified." *Id.*, at §2412(d)(1)(B). Plaintiff's unopposed motion clearly establishes that he is a prevailing party who is entitled to an award under the EAJA. Plaintiff has fully complied with all EAJA requirements, including the submission of "an itemized statement…stating the actual time expended and the rate at which fees and other expenses were computed," 42 U.S.C. §2412(d)(1)(B).

The court retains the ultimate discretion to determine what is a "reasonable attorney fee." *Id.* at §2412(d)(1)(D). In this case, Plaintiff's motion establishes, through inclusion of contemporaneous time records, that counsel reasonably expended 22.2 hours in litigating this social security appeal, including the motion for fees. Counsel does not seek an award in excess of the $125 hourly rate provided for by statute, which cannot be exceeded "unless the court determines that an increase in the cost of living or a special factor…justifies a higher fee." 28 U.S.C. §2412(d)(2)(A); *see also Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009)(holding that the plaintiff bears the burden of submitting evidence in support of any higher rate). Plaintiff also has documented costs in the amount of $5.25. Therefore, the undersigned recommends that Plaintiff's motion be granted, and that a total award of fees and costs be made in the amount of $2780.25.

### B. Award to Plaintiff, not Counsel

As an exhibit to the motion, Plaintiff's counsel has submitted evidence of the assignment of any EAJA award to his attorney. Counsel further represents that he is

"unaware" of any debt that Plaintiff may owe to the United States, and seeks that the award of fees be made payable to counsel. However, the undersigned is persuaded by the decisions of a growing consensus of courts within the Sixth Circuit that "[u]nder *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees." *Oliver v. Com'r of Soc. Sec.*, ___ F.Supp.2d ___, 2013 WL 65429 *3 (S. D. Ohio Jan. 3, 2013)(collecting cases and quoting *Cornell v. Com'r of Soc. Sec.*, 2:11-cv-97, 2012 U.S. Dist. LEXIS 6115, at *6-7 (S.D. Ohio May 2, 2012)); *see also Cox v. Astrue*, ___ F. Supp.2d ___ , 2013 WL 217033 at *2 (E.D. Ky. Jan. 16, 2013)(holding that under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), fees should be paid to litigants regardless of whether the Commissioner shows that the plaintiff owes a federal debt or not).

The issue of Plaintiff's assignment is a matter of contract law not presented as a dispute before this Court. The fee award neither bars the United States from honoring a valid assignment, nor prevents it from disputing it. Although the undersigned has included language in prior R&Rs suggesting that the United States "may" pay the fee directly to counsel once it confirms that no debt is owed,[1] even that language exceeds the scope of the dispute before this Court and may improperly suggest an opinion about an unconsidered issue. *Compare, e.g. Cox,* 2013 WL 217033 at *2 (holding that "any assignment of an EAJA award that predates the actual award of fees is void" under the Anti-Assignment Act, additional citations omitted).

### III. Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**:

---

[1] Whether Plaintiff owes a federal debt can be definitively determined only by the United States, represented in this case by the Commissioner.

3

1. Plaintiff's motion seeking a fee award under the EAJA (Doc. 18) be **GRANTED** in part;

2. Plaintiff should be awarded the sum of $2780.25, representing an attorney fee award that reflects a reasonable number of hours (22.2) at the statutory rate of $125.00, plus costs of $5.25.

                                               *s/ Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN JASON SMITH,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:11-cv-778

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).